UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-2053 VAP (MRW) | Date | November 19, 2013 |
|---|---|---|---|
| Title | King v. Biter | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:**     (IN CHAMBERS)  ORDER TO SHOW CAUSE RE: PETITION

Petitioner is a state prisoner serving a life sentence for murder.  Petitioner was convicted in 1994.  The current federal case is his seventh federal habeas action.[1]  Petitioner wishes to advance a claim that the jury "impliedly" acquitted him of murder, and that his felony murder conviction was improper.  Petitioner points to no newly discovered evidence or recent change of law to support his claim or to explain the nearly two-decade delay in bringing this claim.

Petitioner also failed to obtain permission from the federal appellate court to bring the present habeas action.  In prior proceedings, the Court explained that federal law prohibits a state prisoner from filing successive habeas actions without advance permission from the United States Court of Appeals.  See 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).  Indeed, Petitioner successfully obtained such a certificate from the Ninth Circuit in 2003 in connection with the filing of one of his earlier actions.

However, Petitioner's current habeas petition is not accompanied by a statement of permission from the Court of Appeals.  Further, the Court dismissed Petitioner's most recent habeas action as successive – a decision affirmed by the Ninth Circuit.  See King v. Duncan, ED

---

[1]     King v. Roe, ED CV 00-558 VAP (CT) (C.D. Cal.); King v. Roe, ED CV 00-655 RT (CT) (C.D. Cal.); King v. Scribner, ED CV 03-277 RT (CT) (C.D. Cal.); King v. Scribner, ED CV 003-1328 GHK (CT) (C.D. Cal.); King v. Duncan, ED CV 04-1485 VAP (CT) (C.D. Cal.); King v. Duncan, ED CV 06-1181 VAP (CT) (C.D. Cal.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 13-2053 VAP (MRW) | Date | November 19, 2013 |
|---|---|---|---|
| Title | King v. Biter | | |

CV 06-1181 VAP (CT) (C.D. Cal.) at Docket # 11.  Although the Court read Petitioner's introductory statement in his submission in which he claims that his action somehow is not subject to the successive-petition rule, his current challenge to his conviction falls squarely within this requirement of AEDPA.

Based on the face of the current petition, the files in his previous cases, and the Court's familiarity with this litigant, the Court could dismiss the action at this stage of the action with no further proceedings.  However, in the interest of justice and to accommodate this <u>pro se</u> litigant, the Court will give Petitioner an opportunity to explain why his action should not be dismissed as an improper successive action under AEDPA.

It is therefore ORDERED that Petitioner shall file a memorandum by or before <u>December 10, 2013</u>, not to exceed 5 pages showing good cause why the case should not be dismissed.

**Failure to file a timely response to this Order as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**