# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY DONNELL KING,<br><br>Petitioner,<br><br>vs.<br><br>M. BITER, Warden,<br><br>Respondent. | Case No. ED CV 13-2053 VAP (MRW)<br><br>ORDER DISMISSING ACTION |

The Court vacates the reference of this action to the Magistrate Judge and summarily dismisses the action pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rule of Civil Procedure 41.

\* \* \*

This is a state habeas action. In 1994, a jury convicted Petitioner of murder. The trial court sentenced Petitioner to a term of 25 years to life plus 5 years in state prison. (Docket # 1 at 2.)

The current federal case is his <u>seventh</u> habeas action in this Court.[1] Petitioner wishes to advance a claim that the jury "impliedly acquitted [Petitioner] of the charged crime of first degree," and that his conviction under a felony murder theory – previously affirmed on appeal and on habeas review – caused the state court to "act in excess of its jurisdiction in imposing a sentence of thirty years to life." (Docket # 1 at 15.)

Petitioner pointed to no newly discovered evidence or recent change of law to support his claim or to explain the nearly two-decade delay in bringing this claim. The recent habeas petition was not accompanied by a certificate from the Ninth Circuit Court of Appeals authorizing a successive habeas action pursuant to 28 U.S.C. § 2244(b).

Magistrate Judge Wilner reviewed the petition in the present action shortly after its filing. Judge Wilner directed Petitioner to submit a supplemental statement as to why the action should not be dismissed as an unauthorized successive petition under AEDPA. (Docket # 4.) Judge Wilner noted that Petitioner previously <u>did</u> obtain such a certificate to obtain review of a claim in his 2003 action in this Court. Further, the Ninth Circuit affirmed the dismissal of Petitioner's most recent habeas action as successive. See <u>King v. Duncan</u>, ED CV 06-1181 VAP (CT) (C.D. Cal.) at Docket # 11.

Petitioner submitted a statement in response to the Court's order. (Docket # 5.) Petitioner argues that he does not actually wish to raise a constitutional challenge to his <u>conviction</u>, but rather his continued <u>detention</u> resulting from it.

---

[1] <u>King v. Roe</u>, ED CV 00-558 VAP (CT) (C.D. Cal.); <u>King v. Roe</u>, ED CV 00-655 RT (CT) (C.D. Cal.); <u>King v. Scribner</u>, ED CV 03-277 RT (CT) (C.D. Cal.); <u>King v. Scribner</u>, ED CV 03-1328 GHK (CT) (C.D. Cal.); <u>King v. Duncan</u>, ED CV 04-1485 VAP (CT) (C.D. Cal.); <u>King v. Duncan</u>, ED CV 06-1181 VAP (CT) (C.D. Cal.).

(Docket # 5 at 2.) He claims that this Court is required to "inquire into the detention" under 28 U.S.C. § 2244(a). (Id.) Finally, Petitioner contends that he may properly circumvent the successive petition rule because he has never precisely asserted this "improper detention" claim on federal habeas review before. (Docket # at 3-4.)

* * *

Petitioner's current habeas filing fails on its face to satisfy the successive petition provisions of AEDPA. Federal law prohibits a state prisoner from filing successive habeas actions without advance permission from the United States Court of Appeals. See 28 U.S.C. § 2244(b); Burton v. Stewart, 549 U.S. 147 (2007) (dismissing successive petition for failure to obtain authorization from court of appeals).

Petitioner creatively attempts to avoid operation of this rule by framing his habeas action as a challenge to his <u>ongoing detention</u> from his criminal conviction. Yet, the substance of his petition and supporting memoranda makes clear that Petitioner actually challenges the legality of the state court decisions regarding the <u>conviction</u> itself. The claim he currently presents clearly "was not presented in a prior application" to this Court on habeas review and must be dismissed in the absence of an authorizing order from the court of appeals. 28 U.S.C. § 2244(b)(2-3).

As noted above, Petitioner has had six previous habeas actions in this district court. He is quite familiar with the successive petition / authorization rule, having (a) successfully obtained such a certificate in connection with one of his earlier habeas filings, and (b) failed to do so in another. Petitioner cannot avoid operation of this provision of AEDPA by claiming he challenges his incarceration rather than the underlying judgment that led to his ongoing life sentence.

1    Section 2244(a) provides no alternative route to habeas review. The rule
2 has no application to a state prisoner such as Petitioner – it is limited on its face to
3 inmates who were convicted in <u>federal</u> court:

> No circuit or district judge shall be required to entertain an application or writ of habeas corpus to inquire into the detention of a person pursuant to <u>a judgment of a court of the United States</u> if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided under section 2255.

28 U.S.C. § 2244(a) (emphasis added); <u>see also</u> <u>Valona v. United States</u>, 138 F.3d 693, 695 (7th Cir. 1998) (Section 2244(a) "channels all successive collateral attacks on a <u>federal court's conviction or sentence</u>" into specific procedure under AEDPA) (emphasis added). Directly put, Petitioner cannot seek review of his state detention by referring to a statute that applies only to individuals convicted in federal court of committing a federal crime.

In the absence of an express authorization from the court of appeals, Petitioner is not entitled to further habeas review of his state court conviction. Moreover, his nearly-twenty-year-old conviction is obviously untimely under the limitations period for federal review contained in 28 U.S.C. § 2244(d). If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss a habeas action without ordering service on the responding party. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

4

1 | From the face of the petition and in light of Petitioner's subsequent filings, it is apparent that Petitioner is not entitled to pursue this federal habeas action. The action is therefore DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: January 21, 2014

HON. VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE